THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* PATSY TUMMINARO, Appellant.

First Department, December 7, 1934.

*David M. Markowitz*, for the appellant.

*Irving Jay Tell, Deputy Assistant District Attorney*, of counsel [*William Copeland Dodge, District Attorney*], for the respondent.

PER CURIAM. This is an appeal from a judgment of conviction for illegally possessing a firearm after a prior conviction of a crime. The defendant was sentenced to State prison for a term of not less than three and one-half nor more than seven years.

The People called only Detective Charles H. McCarthy as a witness to sustain the charge which was set forth in the indictment, The defendant waived cross-examination and offered no proof.

Detective McCarthy testified, in substance, that on October 30, 1933, he went to an apartment located on the third floor at 268 Cherry street, in the county of New York, where he subsequently placed the defendant under arrest. The apartment consisted of a kitchen and three bedrooms. The defendant lived there with his mother, father, brother and sisters. In the course of his search, Detective McCarthy found two revolvers in a wooden box underneath a dresser in the rear bedroom. He then asked who owned the revolvers, and the defendant replied that he did not know; whereupon the detective said, " You live here. How did they

get here? They could not walk up here." Defendant answered, " Well, my brother comes in and my sister, she comes in here, she sleeps over there; anybody can come in here."

In view of the wording of the statute (Penal Law, § 1897), and the interpretation placed upon the word " possesses " as it is used therein, we believe that the court should have granted the motion made by defendant's counsel to dismiss the indictment. (See *People* v. *Persce*, 204 N. Y. 397; *People* v. *Maiorano*, 262 id. 457; *People* v. *Unger*, 241 App. Div. 741; *People* v. *Andreacchi*, 221 id. 136; *People* v. *King*, 216 id. 240.)

The judgment should be reversed, the indictment dismissed and the defendant discharged.

Present — FINCH, P. J., MARTIN, O'MALLEY, TOWNLEY and GLENNON, JJ.

Judgment reversed, the indictment dismissed and the defendant discharged from custody.