The People of the State of New York, Respondent, *v.* Arthur Bishop, Appellant.

Second Department, December 10, 1945.

*Francis P. Heffernan* and *Emil J. Reigi* for appellant.

*Farrell M. Kane, District Attorney* (*John F. Kavanagh* of counsel), for respondent.

*Per Curiam.* Two of the witnesses called by the People were Harvin and Spicer. Harvin was a self-confessed accomplice and the court correctly charged the jury that defendant could not be convicted on the uncorroborated testimony of an accomplice. It was the contention of the People that Spicer was not an accomplice but an accessory after the fact. Defendant insisted that he was an accomplice as a matter of law. These questions the court left to the jury to decide and, under the proof adduced, this course was proper. (*People* v. *Swersky*, 216 N. Y. 471, 477; *People* v. *Katz*, 209 N. Y. 311, 332.)

The error that requires reversal arose in this fashion: Harvin, the conceded accomplice, prior to being called as a witness, and while an inmate at Sing Sing Prison, had made a statement in writing to the effect that Spicer and defendant both took part in the assault and robbery and received part of the proceeds. Upon the trial he testified to a state of facts which tended to prove that Spicer was an accessory after the fact. In an effort to destroy Harvin's credibility, defendant confronted him with his written statement and offered it in evidence. The court charged the jury that defendant was bound by the statements concerning him contained in this writing and that the jury could accept them as such other evidence as tended to connect defendant with the commission of the crimes charged. To this charge an exception was taken. The court also refused a request by defendant to charge the jury that the

statement made by Harvin was the statement of an accomplice and not binding on the defendant. To this refusal an exception was taken. The court also refused to charge, at defendant's request, that if the jury found that Spicer and Harvin were both accomplices, Harvin's statement in writing was not corroboration tending to connect defendant with the commission of the crimes. An exception was taken to this refusal. After the jury had deliberated for several hours, it returned for further instructions as to the law concerning the necessity for corroboration of an accomplice. The court again charged, over the exception of defendant, that the statement made by Harvin was binding upon the defendant and might be used as corroboration of Harvin's testimony.

The statement was admissible, under section 8-a of the Code of Criminal Procedure, for the purpose of impeaching the testimony of Harvin, but it does not constitute affirmative proof of the facts contained therein. (*Matter of Roge* v. *Valentine,* 280 N. Y. 268, 276–277.)

The People also offered the testimony of one Williams, a bartender, who testified that he had seen defendant on the night of the robbery in a bar and grill where the witness worked in West Brighton, some miles from the scene of the crime, and had heard Harvin ask Spicer to drive Harvin to a dance. He did not see defendant in conversation with either Harvin or Spicer, nor did he see them leave the place together. This testimony was the only additional testimony that the court submitted to the jury as tending to corroborate Harvin or Spicer. This evidence alone would be insufficient to furnish the corroboration required. (*People* v. *Kress,* 284 N. Y. 452, 460.)

There is no way to determine whether the jury found defendant guilty because it found the necessary corroboration in Harvin's written statement, or in the testimony of the bartender Williams, or because it found that Spicer was an accessory after the fact, and hence required no corroboration. This court may not speculate as to the theory the jury adopted. Every defendant accused of a crime has the absolute right to be tried in conformity with law. (*People* v. *Kress, supra; People* v. *Lazar,* 271 N. Y. 27.) This defendant did not receive such a trial.

The judgment should be reversed on the law and a new trial ordered.

CLOSE, P. J., HAGARTY, CARSWELL, JOHNSTON and ADEL, JJ., concur.

Judgment of the County Court of Richmond County convicting defendant of the crimes of robbery in the first degree, grand larceny in the first degree, and assault in the second degree, reversed on the law and a new trial ordered.

The findings of fact implicit in the verdict of the jury are affirmed.