THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* MARIO D. PORTESE, Appellant.

Third Department, November 14, 1951.

*John S. Hall* for appellant.

*J. Clarence Herlihy, District Attorney of Warren County* for respondent.

Coon, J. The defendant has been convicted after a trial of illegally possessing a firearm after having been convicted of a crime in violation of section 1897 of the Penal Law.

Aside from certain alleged errors, the appeal presents the question of the sufficiency of the evidence of possession by the defendant. On that issue the People called but one witness, Sam Monte. Apparently a .32 caliber revolver was taken from the possession of Monte in the absence of the defendant by the Albany police and turned over to a police officer of the city of Glens Falls. Monte testified that he had visited a place known as the Red Lantern Inn at Lake George, New York, several times during the summer of 1950. He understood that this restaurant was operated by the defendant and one Bataglia. The building consisted of the restaurant proper with two small rooms in the rear on the ground floor and three or four rooms upstairs. Monte testified that he stole the gun from a box underneath a bed in one of these upstairs rooms, which was at different times occupied by several people. There is not a word in Monte's testimony

at the trial to indicate that the defendant knew that the gun was there; that the defendant occupied the room from which the gun was taken; that it was ever discussed with the defendant, or that the defendant ever saw the gun.

The District Attorney questioned Monte with reference to testimony previously given by him, and he finally admitted that he had previously said that the defendant had given him the revolver, but then testified: " Yes, I said that but I lied to them." His previous statement was not offered in evidence. It was proper for the District Attorney to refresh the recollection of the witness or to impeach his testimony by such previous inconsistent statements, but they may not be considered evidence in chief and constitute no affirmative proof whatever of the facts sought to be established. (*People* v. *Ferraro*, 293 N. Y. 51; *People* v. *Bishop*, 270 App. Div. 133.) Consequently we find no affirmative evidence whatever in Monte's testimony at the trial of possession of the gun by the defendant except the single statement that he stole the gun from a building where he had seen the defendant and other persons.

The only other evidence in the case in any way tending to connect the defendant with the revolver is contained in a statement obtained from the defendant by the State Police, in which he stated that he saw a revolver at the Red Lantern Inn and " This gun was owned by Robert Battelliga." We do not think the above evidence is sufficient to even establish a constructive possession. (*People* v. *Tumminaro*, 242 App. Div. 501.)

Even if this evidence be deemed sufficient to submit the question to the jury, error was committed by the trial court in a refusal to charge which necessitates a new trial. Defendant's counsel made the following request: " I ask you to charge the jury that unless this jury finds beyond a reasonable doubt that this defendant knew the gun was there, they must find him not guilty." To this request the court replied: " I refuse to charge that." A proper exception was taken. This refusal was clearly error. (*People* v. *Andreacchi*, 221 App. Div. 136.)

The judgment of conviction should be reversed and a new trial ordered.

FOSTER, P. J., HEFFERNAN, BREWSTER and BERGAN, JJ., concur.

Judgment of conviction reversed, and a new trial ordered.