■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WARREN STEFFENS, Appellant.— Appeal by defendant from a judgment of the County Court, Queens County, rendered March 2, 1959, convicting him, after a jury trial, of grand larceny in the second degree, and sentencing him to serve a term of

2½ to 10 years. Defendant also appeals from every intermediate order made in the action. Defendant and one Ellis were charged with burglary in the third degree, grand larceny in the first degree and possession of burglar's instruments as a felony; the indictment alleging in substance that defendant and Ellis, acting in concert, broke and entered a described building and stole certain property therefrom. At the opening of the trial the indictment was severed as to Ellis, and the trial proceeded against defendant alone. At the end of the People's case, the trial court, without objection, reduced the second count from grand larceny in the first degree to grand larceny in the second degree. The jury found defendant guilty on that count, and not guilty on the counts charging burglary and possession of burglar's instruments. Judgment affirmed. Ellis, called as a witness by the People, first testified that defendant was not implicated in the crime. Thereafter, the prosecutor was properly permitted to attempt to impeach such testimony by showing that Ellis had made prior statements to an Assistant District Attorney and others in which he admitted his own guilt and inculpated defendant. (Cf. *People* v. *Ferraro,* 293 N. Y. 51, 56; *People* v. *Purtell,* 243 N. Y. 273, 280; *People* v. *Portese,* 279 App. Div. 63, 65.) Ellis then testified that those portions of his earlier statement to the Assistant District Attorney, in which he implicated defendant, were untrue. The following day, over defendant's objections, and after the People had announced that they had no further questions to ask Ellis, the prosecutor was allowed to continue his examination of Ellis, who then recanted his previous testimony, said his prior statement to the Assistant District Attorney was true, and testified that defendant was with him at the time of the commission of the crime and shared in its proceeds. We find no abuse of discretion by the trial court in thus permitting the examination of Ellis to be continued by the People. (Cf. *Blake* v. *People,* 73 N. Y. 586, 587; *People* v. *Simmons,* 125 App. Div. 234, 241; 3 Wharton's Criminal Evidence [11th ed.], § 1266.) We are also of the opinion that, on the record presented, the omission to instruct the jury that Ellis' prior statement could be considered only on the question of his credibility (cf. *People* v. *Ferraro,* 293 N. Y. 51, 56, *supra*), did not constitute reversible error. If it be assumed that such an instruction should have been given, even though Ellis had testified that the statement was the truth and had, in effect, repeated its substance, defendant did not except to the failure to so charge, or request such an instruction; and any error may be disregarded under section 542 of the Code of Criminal Procedure, in view of the ample proof of defendant's guilt, through testimony as to his own admissions and the direct testimony of Ellis. (Cf. *People* v. *Knisely,* 10 A D 2d 903.) Defendant is in no position to urge that the verdict was inconsistent, not having excepted to the court's charge that defendant could be found guilty or not guilty on any one or more of the three counts of the indictment. (*People* v. *Sciascia,* 268 App. Div. 14, affd. 294 N. Y. 927.) In any event, the verdict was not so inconsistent as to require reversal of the judgment of conviction (cf. *People* v. *Haupt,* 247 N. Y. 369, 371; *People* v. *Sciascia, supra*; *People* v. *Hollenbeck,* 9 A D 2d 983). No separate appeal lies from the intermediate orders, which have been reviewed on the appeal from the judgment of conviction. Nolan, P. J., Ughetta, Kleinfeld, Christ and Pette, JJ., concur.