■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. CLAYTON BLANDFORD, JR., Appellant.— Appeal from a judgment of the County Court of Chemung County, rendered September 11, 1970, upon a verdict convicting defendant of the crimes of assault in the third degree and resisting arrest. There is proof: that defendant during the afternoon of April 27, 1970 consumed a quantity of beer and bourbon; that about 7:00 P.M. he went on the street and entered the apartment of Granger, asking the latter for a cigarette; that Granger asked him to leave and, when defendant did not do so, left his apartment and went to a nearby fire station, with defendant following; Patrolman Murray arrived and observed defendant stripped to the waist and engaged in an argument with two males; that when Murray asked what was going on, defendant turned and swung at the officer and started to leave, whereupon Murray told him to hold it; that defendant took off and, when the officer in pursuing slid on the grass and dropped to his knee, kicked Murray in the groin; that there was a struggle in getting handcuffs on defendant and he was placed in a patrol car; that on the way to police headquarters defendant kicked and flailed his legs around and bit Murray on the fingers, bicep and chest. Whether or not defendant was intoxicated was in dispute. Indicted for assault in the second degree (Penal Law, § 120.05, subd. 3), resisting arrest and criminal trespass in the second degree, the jury chose to find guilt for assault in third degree and resisting arrest, both class A misdemeanors. Both sides contended that assault in the third degree should be charged and instructions as to said crime, as outlined in subdivision 2 of section 120.00 of the Penal Law, were given. Verdicts are repugnant when there are charges of two crimes, each of which has identical elements, and there is a finding of guilt on one but not on the other (*People v. Bullis*, 30 A D 2d 470). Here, there is no repugnancy for, while the intent required in each is similar, assault in the second degree, under subdivision 3 of section 120.05 of the Penal Law, contains the element of physical injury which is not a necessary ingredient of resisting arrest. To sustain a conviction of resisting arrest it is not required that a defendant use force or violence, it is enough that he engage in some conduct with an intent to prevent the officer from effecting an authorized arrest (*People v. Simms*, 36 A D 2d 23, 24; *People v. Lattanzio*, 35 A D 2d 313, 314). The jury chose to find defendant guilty of assault in the third degree, a necessary element of which is physical injury, and a person violates subdivision 2 of section 120.00 of the Penal Law if he " recklessly " causes such injury. Even considering the verdicts as inconsistent, the failure or refusal to find defendant guilty of assault in the second degree as charged and the finding of guilt as to assault in the third degree did not bar the conviction of resisting arrest, since each count is to be regarded as a separate indictment and consistency in the verdicts is not necessary here (*People v. Delorio*, 33 A D 2d 350, 353; *People ex rel. Troiani v. Fay*, 13 A D 2d 999, 1000). It is recognized that juries at times convict on some counts but acquit on others, not because they are unconvinced of guilt but because of compassion or compromise (*Dunn v. United States*, 284 U. S. 390, 393–394; *United States v. Fox*, 433 F. 2d 1235, 1238, n. 22). Under all the circumstances the sentence is not excessive. Judgment affirmed. Herlihy, P. J., Aulisi, Staley, Jr., Cooke and Sweeney, JJ., concur.