■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD FLOWERS, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered September 13, 1972, convicting him of criminal possession of stolen property in the first degree and possession of a dangerous weapon as a felony, upon a jury verdict, and sentencing him to concurrent terms of seven years on each crime. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Defendant was indicted on three counts, namely, (1) criminal possession of stolen property in the first degree, (2) possession of weapons, dangerous instruments and appliances and (3) unauthorized use of a vehicle. After receiving the trial court's instructions, the jury returned a verdict of guilty on all three counts. The court, on its own motion, then directed a verdict of not guilty as to the count of unauthorized use. Defendant's motion for a mistrial on the ground that the jury had returned an inconsistent verdict and that the court could not, on its own motion, cure the defective verdict by excising the third count was denied. This was error. By virtue of the trial court's initial charge to the jury, they could have found defendant guilty of all three counts. However, when, in the process of their deliberations, the jury returned to the courtroom, the court further instructed them as to the alternatives available for them and indicated that they could return any of a number of available verdicts. The court further indicated to the jury the difference between criminal possession of stolen property in the first degree and unauthorized use of a vehicle, but refused to expressly state to the jury that they could not find appellant guilty of both these counts. The court's charge was incomplete for failure to expressly charge that the jury could not find defendant guilty of both counts one and three. That the jury was confused as to the charge in this regard is evident

from their verdict. The error in the refusal to charge, however, becomes academic in view of the court's action of excising the jury's verdict as to the third count, finding defendant guilty of unauthorized use. Once the jury returned the defective verdict, the provisions of CPL 310.50 (subd. 2) became operative. That statute provides that when a jury renders an illegal verdict "the court must explain the defect or error and must direct the jury to reconsider such verdict, to resume its deliberation for such purpose, and to render a proper verdict." It further provides that if the jury persists in rendering a defective or improper verdict "the court may in its discretion either order that the verdict in its entirety as to any defendant be recorded as an acquittal, or discharge the jury and authorize the people to retry the indictment or a specified count or counts thereof as to such defendant". There is no authority under the statute for the court to direct a verdict of not guilty under the third count, on its own initiative, after the jury returned its first illegal verdict. Clearly the jury, upon reconsideration by it, might have found defendant guilty only of the lesser offense and, thus, the verdict would have constituted an acquittal of the higher offense (CPL 300.50, subd. 4). Accordingly, the judgment should be reversed and a new trial ordered. We have considered the other contentions raised and find them to be without merit. Hopkins, Acting P. J., Martuscello, Latham, Cohalan and Benjamin, JJ., concur.