Memorandum. Judgment of conviction against defendant Roby is affirmed. No opinion. All concur.
Judgment of conviction against defendant Daughtry is unanimously reversed on the law and a new trial ordered.
Defendant Donald Daughtry appeals from judgment convicting him of criminal possession of stolen property in violation of section 165.40 of the Penal Law and unauthorized use of a vehicle in violation of section 165.05 of the Penal Law. He was also convicted of petit larceny, but the court dismissed the charge after trial as being inconsistent with a conviction on the charge of criminal possession of stolen property. On February 18, he was sentenced to one year in jail on each count, to run concurrently. A stay was issued pending determination of the appeal.
In our opinion, the court erred when it dismissed the petit larceny charge upon its own initiative. The case should have been resubmitted to the jury with proper instructions in accordance with CPL 310.50. This statute states: "2. If the jury renders a verdict which in form is not in accordance with the court’s instructions or which is otherwise legally defective, the court must explain the defect or error and must direct the jury to reconsider such verdict, to resume its deliberation for such purpose, and to render a proper verdict. If the jury persists in rendering a defective or improper verdict, the court may in its discretion either order that the verdict in its entirety as to any defendant be recorded as an acquittal, or discharge the jury and authorize the people to retry the indictment or a specified count or counts thereof as to such defendant; provided that if it is clear that the jury intended to find a defendant not guilty upon any particular count, the court must order that the verdict be recorded as an acquittal of such defendant upon such count.”
Subdivision 2 of section 165.60 of the Penal Law provides that while a defendant may be charged with both the larceny and the criminal possession of the same property, he may not be convicted of both charges. In People v Flowers (44 AD2d 842), defendant appealed from a judgment convicting him of *399 criminal possession of stolen property in the first degree and possession of a dangerous weapon as a felony, upon a jury verdict. The court stated that: "Defendant was indicted on three counts, namely, (1) criminal possession of stolen property in the first degree, (2) possession of weapons, dangerous instruments and appliances and (3) unauthorized use of a vehicle. After receiving the trial court’s instructions, the jury returned a verdict of guilty on all three counts. The court, on its own motion, then directed a verdict of not guilty as to the count of unauthorized use. Defendant’s motion for a mistrial on the ground that the jury had returned an inconsistent verdict and that the court could not, on its own motion, cure the defective verdict by excising the third count was denied. This was error. * * * Once the jury returned the defective verdict, the provisions of CPL 310.50 (subd 2) became operative. That statute provides that when a jury renders an illegal verdict 'the court must explain the defect or error and must direct the jury to reconsider such verdict, to resume its deliberation for such purpose, and to render a proper verdict.’ It further provides that if the jury persists in rendering a defective or improper verdict 'the court may in its discretion either order that the verdict in its entirety as to any defendant be recorded as an acquittal, or discharge the jury and authorize the people to retry the indictment or a specified count or counts thereof as to such defendant’. There is no authority under the statute for the court to direct a verdict of not guilty under the third count, on its own initiative, after the jury returned its first illegal verdict. Clearly the jury, upon reconsideration by it, might have found defendant guilty only of the lesser offense and, thus, the verdict would have constituted an acquittal of the higher offense (CPL 300.50, subd. 4). Accordingly, the judgment should be reversed and a new trial ordered.”
In accordance with the Flowers case (supra), the judgment should be reversed and a new trial ordered. We have considered the other contentions raised and find them to be without merit.
Concur: Hargett P.J., Cone and Pino, JJ.