(January 31, 1975)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIAM DAVIS, Appellant.— Judgment of the Supreme Court, Kings County, rendered March 25, 1974, affirmed. No opinion. The case is remitted to the Supreme Court, Kings County, for proceedings to direct appellant to surrender himself to said court in order that execution of the judgment be commenced or resumed (CPL 460.50, subd. 5). Latham, Acting P. J., Cohalan, Christ, Brennan and Shapiro, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD BROWN, Appellant.— Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered January 12, 1973, convicting him of robbery in the first degree and grand larceny in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the judgment of resentence of the same court, rendered February 2, 1973, following vacatur of the afore-mentioned sentence. Appeal from judgment rendered January 12, 1973 dismissed as academic. That judgment was superseded by the judgment rendered on February 2, 1973. Judgment rendered February 2, 1973, affirmed. No opinion. Martuscello, Acting P. J., Latham, Cohalan, Brennan and Munder, JJ., concur.

THIRD DEPARTMENT, JANUARY, 1975

(January 2, 1975)

■ In the Matter of CORNELL DESIGN COMPANY, INC., Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.— Appeal from a decision of the Unemployment Insurance Appeal Board, filed April 25, 1972, reversing a decision of a referee and sustaining a determination of the industrial commissioner finding the claimant herein to be an employee of Cornell Design Co., Inc. Claimant, an electrical engineer, was found by the board to be an employee of the appellant, an employment agency. As we have recently reaffirmed, the existence of an employment relationship is a factual matter properly within the discretion of the board and its decision thereon is conclusive if supported by substantial evidence (*Matter of Singer [Levine]*, 46 A D 2d 927). Although no single factor may be determinative of an employment issue and the degree of actual control exercised by appellant over claimant may have been minimal in the situation here presented (cf. *Matter of Smith [Catherwood]*, 26 A D 2d 459), there was substantial support for the conclusion reached by the board in this case. By the terms of the " consulting agreement " executed by the parties, appellant assumed the direct obligation to pay claimant for his services to its clients at a specific rate, but reserved to itself the right to limit the hours to be worked by him on any project. Furthermore, evidence was presented in the form of a letter from appellant to all " employees ", including claimant, stating that Blue Cross and Blue Shield insurance coverage was available to them. Perhaps even more significantly, this agreement also precluded claimant from accepting employment with appellant's client for a period of 60 days after termination of his services without its prior written consent. At best then, appellant presented only conflicting considerations as to claimant's employment status which the board was free to weigh and resolve against it (*Matter of Singer [Levine], supra*). Decision affirmed, without costs. Herlihy, P. J., Greenblott, Sweeney, Kane and Reynolds, JJ., concur.