THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN WILLIAMS, TRUE NAME DONALD MENDOZA, Appellant.

Second Department, April 21, 1975

*William E. Hellerstein* and *William J. Gallagher (Diana Budzanoski* of counsel), for appellant.

*Eugene Gold, District Attorney (Richard E. Mischel* of counsel), for respondent.

CHRIST, J. The underlying facts are not in dispute. The defendant and an accomplice were each charged, in a four-count indictment, with the crimes of robbery in the first and second degrees and two counts of grand larceny in the third degree. The indictment recites, and the trial proof confirms, that the defendant's accomplice displayed a pistol during the robbery. The necessary elements of robbery in the first degree are present. There is the "deadly weapon" and the "use" or threatened immediate use of a "dangerous instrument" (Penal Law, § 160.15). However, the weapon was possessed and the dangerous instrument used or threatened to be used by the accomplice, not the defendant, while they both participated in the crime.

At the conclusion of the trial, the court dismissed one of the grand larceny counts for lack of evidence substantiating the value of the stolen property. The trial court also proposed to charge robbery in the third degree as a lesser included offense of both robbery in the first degree and robbery in the second

degree. It further determined that petit larceny would be submitted to the jury as a lesser included offense of the remaining grand larceny count. The defendant, however, requested that, to avoid confusion, the trial court should charge only robbery in the first degree pursuant to the first count of the indictment and should charge robbery in the third degree only as a lesser included offense of robbery in the second degree pursuant to the second count. Although there is some confusion concerning the trial court's decision, it charged the jury as it originally proposed. The jury returned a verdict finding the defendant guilty of robbery in the first degree, not guilty of robbery in the second degree and guilty of the remaining grand larceny count. The defendant was subsequently sentenced to concurrent terms.

We are asked to reverse this judgment and to dismiss the indictment or, in the alternative, to order a new trial only as to the charges of robbery in the third degree and grand larceny in the third degree. The defendant argues that robbery in the second degree and grand larceny in the third degree are both lesser included offenses of robbery in the first degree and, hence, that the trial court erred in submitting them to the jury separately instead of charging them in the alternative, which would "correctly" necessitate a conviction of only "one" crime or an outright acquittal (see CPL 300.30). The defendant also urges that the trial court further erred in failing to resubmit the verdict to the jury for "correction" once it received this "defective" verdict. He relies upon articles 300 and 310 of the CPL, this court's decision in *People v Flowers* (44 AD2d 842) and the decision by the First Department in *People v Pyles* (44 AD2d 784). We disagree with the defendant's arguments.

We note that the trial court's alleged error in charging the jury was never excepted to by the defendant; nor did he object to the verdict. Since the defendant did not except or object, such issue was not preserved for appellate review (see *People v Steffens*, 12 AD2d 962, 963; *People v Sciascia*, 268 App Div 14, 15, affd 294 NY 927). However, since the underlying question has been a recurring one of late we take this opportunity to make certain comments.

Robbery in the second degree under subdivision 1 of section 160.10 of the Penal Law is not a lesser included offense of robbery in the first degree and, hence, it need not have been charged in the alternative (see, e.g., *People v Brown,* 47 AD2d

567; *People v Davis,* 47 AD2d 567; *People v Hurley,* 47 AD2d 600). "Inclusory concurrent counts" are defined in the CPL as those where the "offense charged in one is greater than any of those charged in the others and when the latter are all lesser offenses included within the greater" (CPL 300.30, subd. 4). A "lesser included offense" is defined as follows: "When it is *impossible* to commit a particular crime without concomitantly committing, by the same conduct, another offense of lesser grade or degree, the latter is, with respect to the former, a 'lesser included offense'" (CPL 1.20, subd 37 [emphasis added]). As previously noted, inclusory concurrent counts are to be submitted to the jury in the alternative, thereby allowing a conviction on only one count or an acquittal. However, when dealing with noninclusory concurrent counts, the trial court must submit at least one count but, in its discretion, may submit more (CPL 300.40, subd 3, pars [b] and [a]). And it is axiomatic that if multiple counts are submitted, the jury may convict of all or none (see Practice Commentary on CPL 300.10, in McKinney's Cons. Laws of N. Y., p 531). Since the defendant did not assert at the trial that robbery in the second degree and grand larceny in the third degree are lesser included offenses of robbery in the first degree, we are now asked to categorize them as such. The question here presented is not whether these counts may, under certain circumstances, be charged in the alternative but whether they *must* be so charged at all times. We hold that the latter question should be answered in the negative, especially as here, in the absence of a timely and proper request. Robbery in the second degree (Penal Law, § 160.10, subd 1) contains elements separate and distinct from those in robbery in the first degree. They are "substantively and generically" separate and distinct crimes (see, e.g., *People v Burch,* 281 App Div 348, 350; *People v Brandau,* 20 Misc 2d 333; cf. *People ex rel. Prince v Brophy,* 273 NY 90). For example, a conviction of robbery in the second degree pursuant to subdivision 1 of section 160.10 of the Penal Law requires specific findings concerning (1) an "accomplice" (2) who is "actually present" and (3) "aiding" the defendant. Similar reasoning serves to distinguish grand larceny in the third degree from the robbery counts. For example, the elements of value of stolen property or the "taking from the person", express or implicit in certain grand larceny statutes, require separate and distinct findings from those necessary for a robbery conviction. If, in any given case, a defendant believes one count of an indictment is a

lesser offense of another, the Trial Justice should be requested to make a ruling, upon its view of the evidence, whether to charge them alternatively or separately. The trial court is in the best position to determine this issue and a failure to make a timely request to so charge, as here, constitutes a waiver of any claim of error (CPL 300.40, subd 3, par [b]; 300.50). Accordingly, the charge rendered was proper and will not be disturbed.

There still remains, however, the question concerning the "consistency" of the verdict. This problem is distinct from and is not answered by the foregoing discussion. Such questions are of a substantive nature. If the accomplice wielded the weapon how could the defendant be convicted of robbery in the first degree and yet, with consistency, be acquitted of robbery in the second degree? We agree. The jury's reasoning was inconsistent. However, in appraising the effect of this we specifically note that robbery in the first degree and robbery in the second degree were contained in separate counts of the indictment. When this is so, consistency is not required and inconsistency will not vitiate a judgment thereon *(Dunn v United States,* 284 US 390; Ann 18 ALR3d 274 [and cases cited therein]). At times, a jury may validly convict of one crime but "improperly" acquit of another because it misunderstood the elements of the acquitted count. Or, jurors may have simply exercised their arbitrary discretion to acquit in what they believed to be the interest of justice (see *People v Blandford,* 37 AD2d 1003). Since consistency in the verdict between two separate counts is not required, speculation as to why the jury acquitted the defendant of robbery in the second degree will serve no useful purpose (but, see, *People v Haymes,* 34 NY2d 639; see, also, Ann 18 ALR3d 273; *People v Pugh,* 36 AD2d 845, affd 29 NY2d 909, cert den 406 US 921). (As one Federal court rather aptly noted, "in short, upon the instant facts, the jury must be assumed to be logical in order to conclude that it has been illogical, an unfortunate dichotomy to say the least" *[United States v Flowers,* 255 F Supp 485, 488].)

However, this acceptance of inconsistency in verdicts is not without limits. Where a defendant is convicted of one crime and acquitted of another, and the elements of each are "identical", such verdict is not only inconsistent, it is described as repugnant and the judgment may not stand *(People v Bullis,* 30 AD2d 470; *People v Pierce,* 40 AD2d 581).

Simultaneously with our determination of this case we are deciding *People v Belvin and Marbury,* in which the verdict was repugnant. The trial court there charged robbery in the first degree and robbery in the second degree upon separate counts in the indictment and also charged robbery in the third degree as a lesser included offense. The learned Justice there charged that the jury might find a verdict on all of the crimes submitted to it. He did not charge in the alternative as provided in CPL 300.50. The jury convicted the defendants of robbery in the first and second degrees, but acquitted them of robbery in the third degree. Those acquittals were repugnant to the guilty verdicts because the elements of robbery in the third degree are inherent in and essential to robbery in the first and second degrees. Thus, in *Belvin,* we reversed the robbery convictions and dismissed those counts because of the jury's verdicts of acquittal as to robbery in the third degree. The Belvin case is unique and does not in any manner conflict with our determination here.

We have considered the defendant's other arguments and find them to be without merit. The judgment should therefore be affirmed.

RABIN, Acting P.J., HOPKINS, BRENNAN and MUNDER, JJ., concur.

Judgment of the Supreme Court, Kings County, rendered March 30, 1973, affirmed.