Joseph A. Mazur, J.
The defendant was indicted by a Bronx County Grand Jury on November 5, 1975 on one count of attempted assault in the first degree, one count of reckless endangerment in the first degree and one count of criminal possession of a weapon in the second degree, all in separate counts. All of the alleged crimes were charged while acting in concert with another who was never apprehended. At the time of trial, the first count of the indictment, charging attempted assault in the first degree, was dismissed. Pursuant to motion by defense counsel, the crimes of criminal possession of a weapon in the third degree and reckless endangerment in the second degree were submitted to the jury as lesser included offenses.
The evidence established that the defendant, along with three others, entered a McDonald’s restaurant on the night in question and, after the purchase of food, a dispute arose between a store employee and the defendant, along with his *476 companions. The defendant and the others left and some time later, the defendant returned with a second individual who was not present at the original incident. This second individual, the alleged accomplice who was never apprehended, had a dispute with the same McDonald’s employee and was ultimately struck on the shoulder with a stick by the employee who was the store security guard. The defendant and his accomplice left in the defendant’s car. Some time later the defendant and his companion pulled up to the store and the companion exited the passenger side door, the defendant remaining in the driver’s seat. The companion fired two shots into the window of McDonalds, re-entered the car, and the defendant drove off. The defendant was apprehended a few days later based on the description of him and his car given to the police by the witnesses.
The jury convicted the defendant of the charge of reckless endangerment in the second degree, and acquitted him of all other charges including the lesser included offense of criminal possession of a weapon in the third degree.
The defendant maintains that the jury verdict of guilty of section 120.20 of the Penal Law, reckless endangerment in the second degree, is inconsistent with the verdicts of acquittal of sections 265.02 and 265.03 of the Penal Law, which encompass criminal possession of a weapon in the third and second degrees respectively. Defendant’s position is that the crime of reckless endangerment in the second degree is impossible of commission under the law according to the facts of the case as elicited during the trial.
Defendant contends that upon the evidence adduced, the only means by which the crime could have been committed was with a loaded .38 caliber pistol which was never in the possession of the defendant, either actually or constructively, but instead was both possessed and fired by the other person, who was never apprehended. Moreover, the weapon itself was never recovered. Defendant further maintains that upon the facts of the case, it is not possible to engage in conduct which would lead to a verdict of guilty of the count of reckless endangerment in the second degree while acting in concert, if he did not possess the weapon while acting in concert, as determined by the jury verdict.
In People v Williams (47 AD2d 262, 263), "the defendant and an accomplice were each charged, in a four-count indictment, with the crimes of robbery in the first and second *477 degrees and two counts of grand larceny in the third degree.” The evidence adduced at trial confirmed that the defendant’s accomplice displayed a pistol during the robbery. The use of a deadly weapon, establishing a necessary element of armed robbery, was present. "However, the weapon was possessed and used or threatened to be used by the accomplice, not the defendant, while they both participated in the crime” (supra, p 263). The jury returned a verdict finding the defendant guilty of robbery in the first degree, but acquitted the said defendant of robbery in the second degree.
"There still remains, however, the question concerning the 'consistency’ of the verdict * * * If the accomplice wielded the weapon how could the defendant be convicted of robbery in the first degree and yet, with consistency, be acquitted of robbery in the second degree? We agree. The jury’s reasoning was inconsistent. However, in appraising the effect of this we specifically note that robbery in the first degree and robbery in the second degree were contained in separate counts of the indictment. When this is so, consistency is not required and inconsistency will not vitiate a judgment thereon [citation omitted]. At times, a jury may validly convict of one crime but 'improperly’ acquit of another because it misunderstood the elements of the acquitted count. Or, jurors may have simply exercised their arbitrary discretion to acquit in what they believed to be the interest of justice (see People v Blandfor, 37 AD2d 1003). Since consistency in the verdict between two separate counts is not required, speculation as to why the jury acquitted the defendant of robbery in the second degree will serve no useful purpose.” (See People v Williams, supra, p 266, cited with approval in People v Acevedo, 40 NY2d 701.)
In the case at bar, this court believes that the principles of law, enunciated in People v Williams (supra), are applicable herein. It may well be that the jury sitting in this case misunderstood the court’s instructions as to acting in concert, and lacking direct testimony that the defendant actually wielded the weapon, "simply exercised their arbitrary discretion to acquit.” (Williams, supra, p 266.) It does not necessarily follow that the jury did not believe the defendant to be guilty of the crime of reckless endangerment in the second degree, nor that their verdict was repugnant. "However, this acceptance of inconsistency in verdicts is not without limits. Where a defendant is convicted of one crime and acquitted of another, and the elements of each are 'identical’, such verdict *478 is not only inconsistent, it is described as repugnant and the judgment may not stand [citations omitted].” (People v Williams, supra, p 266.)
However, this court does not believe that the elements of each of the offenses charged herein are so "identical” as to lead this court to the conclusion that the verdict is repugnant.
The defendant’s motion is denied.