■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ILIJA OLCAN, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered January 5, 1987, convicting him of assault in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The charges against the appellant arose from an incident

during which he and a codefendant restrained the complainant, while another codefendant, armed with a knife, purportedly stabbed the complainant. After a joint trial, the appellant was convicted of assault in the first degree but he was acquitted of criminal possession of a weapon (the knife) in the fourth degree.

On appeal, the appellant contends that his timely application to set aside the verdict as repugnant should have been granted. We disagree.

It is well settled that in determining a repugnancy issue, the court is required to review only the particular charge given to the jury, without regard to its accuracy or the particular facts of the case (see, People v Green, 71 NY2d 1006; People v Johnson, 70 NY2d 819; People v Tucker, 55 NY2d 1, 4, rearg denied 55 NY2d 1039).

In this case, the trial court instructed the jury with respect to the essential elements of the crime of assault in the first degree as follows:

"Assault in the first degree, the first count of the indictment reads as follows:

"The Grand Jury of the County of Queens, by this indictment, accuses the defendants of the crime of assault in the first degree committed as follows:

"The defendants, each aiding the others, on or about May 4, 1985, in the County of Queens, with intent to cause serious physical injury to Vasilije Zavisin, caused such injury to Vasilije Zavisin by means of a dangerous instrument, to wit a knife. * * *

"In order for you to find the defendant guilty of this crime, the People are required to prove, from all of the evidence in the case beyond a reasonable doubt, each of the following five elements:

"1. That on or about May 4, 1985, in the County of Queens, the defendants acting in concert, stabbed Vasilije Zavisin.

"2. That the defendants acting in concert, stabbed Vasilije Zavisin with the intent to cause serious physical injury to Vasilije Zavisin.

"According to the law, a person acts with intent to cause serious physical injury when his conscious aim or objective is to cause serious physical injury.

"3. That the defendants' act, acting in concert, caused serious physical injury to Vasilije Zavisin.

"According to the law, physical injury means impairment of

physical condition or substantial pain; and serious physical injury means a physical injury which creates a substantial risk of death or which causes death or serious and protracted disfigurement or protracted impairment of health, or protracted loss or impairment of the function of any bodily organ.

"4. That the defendants acting in concert, caused the serious physical injury by means of a knife.

"5. That the knife was a dangerous instrument.

"According to the law, a dangerous instrument is any instrument, article or substance which under the circumstances in which it is used, is readily capable of causing death or other serious physical injury."

The court further instructed the jury concerning the essential elements of the crime of criminal possession of a weapon in the fourth degree, in pertinent part, as follows:

"The fourth count of the indictment reads as follows:

"The Grand Jury of the County of Queens by this indictment, accuse the defendants of the crime of criminal possession of a weapon in the fourth degree, committed as follows:

"The defendants each aiding the others, on or about May 4, 1985, in the County of Queens, knowingly and unlawfully possessed a dangerous instrument, to wit: a knife, with the intent to use unlawfully against another. * * *

"In order for you to find the defendants guilty of this crime, the People are required to prove, from all of the evidence in the case beyond a reasonable doubt, each of the following four elements:

"1. That on or about May 4, 1984, in the County of Queens, the defendants, acting in concert, possessed a certain object as testified to by the People's witnesses.

"According to the law, to possess means to have physical possession or otherwise to exercise dominion or control over tangible property.

"Possession of property must be knowing possession; that is, the alleged possessor must be aware of his possession of the property.

"2. That what the defendants, acting in concert possessed was, in fact, a knife.

"3. That the defendants, acting in concert, knowingly possessed such knife.

"According to the law, a person knowingly possesses a knife when he is aware that he possesses such knife.

"4. That the defendants, acting in concert possessed such knife with intent to use it unlawfully against another.

"According to the law, a person intends to use a weapon or instrument unlawfully against another when his conscious aim or objective is to use it unlawfully against another".

In addition, the trial court instructed the jury on the concept of acting in concert, in pertinent part, as follows:

"Section 20 of the Penal Law, as applicable to this case, reads as follows:

"When one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct.

"This simply means that if you should find the defendants aided or abetted each other in the commission of a crime, each having the intent that the criminal purpose be effected, this section makes all parties principals to the crime.

"Under the circumstances of this indictment, a person acts with mental culpability or with a culpable mental state when he acts intentionally with respect to a result or to conduct described by a statute defining an offense when his conscious objective is to cause such result or engage in such conduct, or to put it more simply, when he acts with intent to cause the result or conduct involved.

"Under this general provision of the law, the guilt of a defendant may be established without proof that the defendant did each and every act constituting the crime charged.

"Every person who intentionally participates in the commission of a crime may be found guilty of that very crime. However, mere presence at the scene of the crime is not sufficient.

"Participation is intentional if done voluntarily and purposefully, and with a specific intent to do some act that the law forbids.

"Soliciting or requesting another person to commit a crime or intentionally aiding another person to commit a crime constitutes participation.

"The degree or the extent to which a defendant intentionally participates in the commission of a crime is immaterial in fixing his or her responsibility, for when two or more persons act together in the commission of a crime, the law does not

stop to apportion the percentage of guilt that may attach to each of them.

"The rule is that a person who intentionally aids in the commission of a crime is himself guilty of that very crime".

Contrary to the appellant's contention, the trial court did not indicate that in order to convict him of assault, the jury had to find that he had knowingly possessed the knife with the intent to use it unlawfully against another. Further, even if the assault count required such an implicit finding, the trial court's acting in concert charge instructed the jury that as to each count "the guilt of a defendant may be established without proof that the defendant did each and every act constituting the crime charged". Therefore, under the instructions as given, the jury could have found that the appellant had participated in the assault upon the complainant, but that the appellant himself did not possess the knife *(see, People v Johnson, supra; People v Ellis,* 120 AD2d 743, *lv denied* 68 NY2d 811, *lv denied sub nom. People v Williams,* 68 NY2d 818; *People v Rodriquez,* 81 AD2d 513; *People v Williams,* 47 AD2d 262, 263; *People v Sullo,* 91 Misc 2d 475; *cf., People v Johnson,* 133 AD2d 175, *affd* 70 NY2d 964; *People v Jamerson,* 99 AD2d 816).

While it appears, as noted by the trial court, that the verdict was inconsistent because the jury apparently misunderstood the instructions as to acting in concert with respect to the possession of a weapon count, that factor is not a sufficient basis for setting aside the verdict as repugnant *(see, People v Sullo, supra).* "Finally, it should be observed, that although [the] defendant moved promptly to set aside the verdict returned by this jury, no objection or exception was taken to the court's charge. That charge clearly permitted the jury to return the verdict it did. [The] [d]efendant thus may very well be 'in no position to urge that the verdict was inconsistent, not having excepted to the court's charge that [the] defendant could be found guilty or not guilty on any one or more of the * * * counts of the indictment.' *(People v Steffens,* 12 AD2d 962, 963; see, also, *People v Sciascia,* 268 App Div 14, affd 294 NY 927.)" *(People v Stapleton,* 94 Misc 2d 850, 855, *affd* 70 AD2d 1063.)

Since the other contentions raised by the appellant do not warrant reversal, there should be an affirmance of the conviction. Thompson, J. P., Lawrence and Rubin, JJ., concur.

Weinstein, J., dissents and votes to modify the judgment appealed from, on the law and on the facts and as a matter of

discretion in the interest of justice, by reducing the conviction of assault in the first degree to a conviction of assault in the second degree, and vacating the sentence imposed, and to affirm the judgment as so modified, and to remit the matter to the Supreme Court, Queens County, for resentencing, with the following memorandum in which Brown, J., concurs: The defendant was tried, along with two codefendants, for the crimes of assault in the first degree, assault in the second degree, harassment and two counts of criminal possession of a weapon in the fourth degree. The defendant was alleged to have restrained the victim by pulling his left arm across his body while a codefendant stabbed the victim in the abdomen with a knife. The prosecution proceeded on a theory that the defendant had acted in concert with his two codefendants. The jury returned a verdict finding the defendant guilty of assault in the first degree as a result of the stabbing of the victim with a knife while acquitting him of the weapons possession counts. Prior to the discharge of the jury, defense counsel raised an objection to this apparent repugnancy, thus preserving the issue for appellate review (see, People v Harrison, 123 AD2d 786). Although the trial court found that the verdicts were inconsistent, it found that they were not repugnant and accepted the verdicts as rendered. The court reconciled the matter by reasoning that the jury had found, in this case, that all three codefendants had intended to cause serious physical injury while the defendant and codefendant Nikolica did not intend to possess a knife.

The defendant's contention that his conviction of assault in the first degree is inherently inconsistent with his acquittal on the weapons possession counts insofar as the possession of the knife with intent to use it unlawfully against another was an essential element of the crime of assault in the first degree, as charged, is not without merit.

With respect to a claim that repugnant jury verdicts have been rendered in response to a multiple-count indictment, it has been held that a verdict as to a particular count will be set aside only in those instances where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the crime, as charged, for which the guilty verdict was rendered (People v Goodfriend, 64 NY2d 695, 697; People v Tucker, 55 NY2d 1, 7, rearg denied 55 NY2d 1039). "The determination as to the repugnancy of the verdict is made solely on the basis of the trial court's charge and not on the correctness of those instructions" (People v Hampton, 61 NY2d 963, 964). Neither the legal accuracy of the charge nor the

particular facts of the case are controlling with respect to a determination of repugnancy (see, People v Green, 71 NY2d 1006; People v Johnson, 70 NY2d 819).

In the instant case, the charge of assault in the first degree, as presented to the jury, called for a determination of whether the codefendants, acting in concert, intentionally caused serious physical injury to the victim by stabbing him with a knife. The jury was further instructed that in order to return a verdict of guilty with respect to the crime of criminal possession of a weapon in the fourth degree, they must find that the People had proven that the codefendants, acting in concert, knowingly possessed a knife with the intention of using it unlawfully against another. The trial court then rendered the following instructions with respect to acting in concert:

"Section 20 of the Penal Law, as applicable to this case, reads as follows:

"When one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when acting with the mental culpability required for the commission thereof, he solicits, requests, commands, importunes, or intentionally aids such person to engage in such conduct.

"This simply means that if you should find the defendants aided or abetted each other in the commission of a crime, each having the intent that the criminal purpose be effected, this section makes all parties principals to the crime. * * *

"Under this general provision of the law, the guilt of a defendant may be established without proof that the defendant did each and every act constituting the crime charged.

"Every person who intentionally participates in the commission of a crime may be found guilty of that very crime. However, mere presence at the scene of the crime is not sufficient.

"Participation is intentional if done voluntarily and purposefully, and with a specific intent to do some act that the law forbids. * * *

"The degree or the extent to which a defendant intentionally participates in the commission of a crime is immaterial in fixing his or her responsibility, for when two or more persons act together in the commission of a crime, the law does not stop to apportion the percentage of guilt that may attach to each of them.

"The rule is that a person who intentionally aids in the commission of a crime is himself guilty of that very crime".

An examination of the record in the instant case indicates that the verdict rendered was inherently self-contradictory in light of the elements of the crimes charged *(People v Hampton, supra,* at 964; *People v Cooper,* 118 AD2d 721, *lv denied* 67 NY2d 1051). Having found the defendant guilty of assault in the first degree as charged, the jury could not properly have acquitted him of the weapons possession counts, particularly in light of the acting in concert charge. Under the circumstances of this case, possession of the knife with the intent to use it constituted an essential element of the assault charge and the jury's verdict of not guilty on the weapons possession counts was a specific finding that an essential element of the assault charge had not been established. Stated succinctly, the jury's acquittal on the weapons possession counts as charged was conclusive as to a necessary element of the assault count for which the guilty verdict was rendered. The jury as instructed thus reached an inherently self-contradictory verdict which cannot be upheld in its present form.

Accordingly, the conviction of assault in the first degree should be reduced to assault in the second degree *(see generally,* CPL 470.15 [2]; *People v Nunez,* 127 AD2d 801) and the matter should be remitted to the Supreme Court, Queens County, for resentencing. A person is guilty of assault in the second degree when, with intent to cause serious physical injury to another person, he causes such injury to such person or to a third person (Penal Law § 120.05 [1]). A conviction of assault in the second degree is not in any way inconsistent with an acquittal on the weapons possession counts. As so modified, the verdict would be immune from any allegations of repugnancy.

I have considered the defendant's remaining contentions and find them to be without merit.