■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD FRASER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Beldock, J.), rendered February 6, 1986, convicting him of robbery in the second degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that his conviction for second degree robbery, based on causing physical injury to a nonparticipant, was against the weight of the evidence, especially in light of the fact that the jury acquitted him of the weapon possession count. We disagree. Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

Any claim of repugnancy in the verdicts was not preserved for appellate review (see, CPL 470.05 [2]; People v Alfaro, 66 NY2d 985, 987; People v Satloff, 56 NY2d 745, 746). In any event, provided that the verdict is not repugnant as a matter of law, factual inconsistencies in a verdict do not constitute a ground for reversal (see, People v Montgomery, 116 AD2d 669, 670). Here, when "viewed in light of the elements of each crime as charged to the jury" (People v Tucker, 55 NY2d 1, 4; People v Ellis, 120 AD2d 743), the jury's verdict was not repugnant since the jury could have reasonably concluded that the defendant intended to forcibly steal property without knowingly and intentionally possessing a loaded gun.

The defendant never objected to the court's charge and so his claim that the charge was improper is unpreserved for appellate review (see, CPL 470.05 [2]; People v Olcan, 143 AD2d 369, 373). In any event, the defendant's contentions in

this regard are without merit. Mangano, J. P., Thompson, Kunzeman and Rubin, JJ., concur.