■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HECTOR RODRIGUEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cooperman, J.), rendered January 4, 1991, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

On appeal, the defendant contends that his conviction for robbery in the first degree, based on the allegation that he "used or threatened the immediate use of a knife", indicated that the jury misunderstood the law, as charged, in light of the fact that the jury acquitted him of the weapon possession

count. However, the trial court's charge, to which the defendant had no objection, permitted the verdict returned in this case. Viewing the law as charged, the defendant's conviction was not repugnant as a matter of law (see, People v Johnson, 70 NY2d 819; People v Olcan, 143 AD2d 369). Where the verdict is not repugnant as a matter of law, factual inconsistencies do not constitute a ground for reversal (see, People v Fraser, 159 AD2d 587; People v Montgomery, 116 AD2d 669, 670).

The defendant's contention that the trial court's charge was erroneous is unpreserved for appellate review, as the defendant failed to object to the proposed charge at the pre-charge conference, did not object to the charge as given, and failed to object to the trial court's additional instruction after receiving a question from the jury during deliberations (see, CPL 470.05 [2]; People v Fraser, 159 AD2d 587, supra). We decline to review the defendant's contention in the exercise of our interest of justice jurisdiction.

We have reviewed the defendant's remaining contentions and find them to be without merit. Bracken, J. P., Sullivan, Balletta and Copertino, JJ., concur.