■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JENNIE FUSCO, Appellant. [961 NYS2d 925]—

Garry, J. Appeal from a judgment of the County Court of Washington County (McKeighan, J.), rendered February 18, 2011, convicting defendant upon her plea of guilty of the crime of grand larceny in the third degree.

Defendant pleaded guilty to one count of grand larceny in the third degree in satisfaction of various charges against her, and waived her right to appeal. County Court sentenced her, as a second felony offender, to a prison term of 1½ to 3 years, to run concurrently with a sentence she was already serving (see generally People v Fusco, 91 AD3d 985 [2012]; People v Fusco, 91 AD3d 984 [2012]). Defendant appeals from this judgment of conviction.

Thereafter, County Court learned that the sentence imposed was illegal, and that it had been obliged to impose an indeterminate prison sentence of at least 2 to 4 years (see Penal Law §§ 70.06 [3] [d]; [4]; 155.35). Defendant was accordingly summoned and, with her consent, County Court amended the judgment of conviction by reducing her conviction to the class E felony of attempted grand larceny in the third degree (see Penal Law §§ 70.06 [3] [e]; 110.05 [6]). No notice of appeal from the amended judgment of conviction appears in the record. The amended judgment went beyond resentencing defendant, altering the very crime for which she was convicted (compare People v Brown, 47 AD2d 567, 567 [1975]). Accordingly, the original judgment was vacated, and the sentence therefrom superseded; lacking notice of an appeal from the amended judgment, this appeal from the original judgment must be dismissed (see CPL 450.30; People v Gannon, 2 AD3d 1214, 1214 [2003]; People v Proctor, 76 AD2d 756, 756 [1980]).

---

4. Despite the suggestion made at oral argument, we discern no illegality in defendant's sentence.

Peters, P.J., Spain and Egan Jr., JJ., concur. Ordered that the appeal is dismissed.