■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MICHAEL GOOD-FRIEND, Respondent. — Order of the Supreme Court, New York County (Allen Murray Myers, J.), dated January 29, 1982, which granted defendant's motion to vacate a jury verdict of sodomy in the first degree under the third count of the indictment and dismissed the indictment, is reversed, on the law, defendant's motion denied, the verdict reinstated, and the matter remanded for further proceedings. ¶ The defendant, pursuant to an indictment filed on September 5, 1980, was charged with rape in the first degree under the first count, sodomy in the first degree under the second count and sodomy in the first degree under the third count. The second count related to an alleged act of fellatio, while the third count concerned an act of oral intercourse. According to the People's case, the complainant, Sharon Lutzi, visited the defendant's employment agency on August 4, 1980 in the course of seeking a new job. She arrived at approximately 5:30 P.M. for her scheduled appointment and spoke with the defendant for several hours. In response to the defendant's suggestion, the two continued their conversation over dinner at a Chinese restaurant. Afterwards, the defendant proposed that Lutzi share a cab with him since he claimed to live in her neighborhood. Upon arriving at Lutzi's building, he offered to accompany her to her apartment. She agreed, and the two drank a can of diet soda. At about 11:30 P.M., she requested that he leave so that she could walk her dog and get to sleep. The defendant, however, attempted to kiss Lutzi. When she spurned his advances, he threw her on the couch and positioned himself on top of her. He then placed a pair of scissors against her neck, threatening to kill and rape her. Thereupon, the defendant forced Lutzi to engage in various sexual acts, including vaginal intercourse, fellatio and oral intercourse. He eventually left the apartment after she assured him that she would not contact the police. However, she did call the police the following morning on the advice of a friend and a rape advocate at Saint Vincent's Hospital. The defendant, for his part, called as witnesses his wife and the doorman in his building, who both testified that on the night of August 4, 1980, he arrived home at about 10:00 P.M. ¶ The jury acquitted the defendant of the first two counts of the indictment but found him guilty of sodomy in the first degree under the third count. The trial court, however, subsequently granted the defendant's motion to vacate, holding that the conviction was repugnant with the jury's verdict on the other two counts. We disagree. The Court of Appeals declared in *People v Tucker* (55 NY2d 1) that it is not appropriate for a court to review the entire record of the trial to try to second-guess the jury's mental processes or to resolve inconsistencies in the verdicts. Rather, the court's function is limited to examining "the jury charge so as to ascertain what essential elements were described by the trial court; then, the assertedly inconsistent verdicts will be harmonized on the basis of the jury charge. Under this approach, a conviction will be reversed only in those instances where

acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered" (*supra,* p 7). In that regard, a verdict may not be set aside as repugnant merely because the court considers the jury's decision to be irrational. ¶ Applying the standard enunciated by the Court of Appeals in *People v Tucker* (*supra*) to the instant situation, it is clear that the court was not warranted in vacating the defendant's conviction. The court herein instructed the jury that the incident in question could be viewed as one sexual encounter involving three acts. Thus, each count of the indictment was based upon a separate sexual act containing an element different from that of the other two counts, and an acquittal on the first two counts did not mandate a finding of not guilty on the third count. Indeed, for the purpose of determining whether a verdict is inherently repugnant, the court may not take into account such matters as whether the jury exercised leniency, arrived at a compromise, or even if the jury charge was legally accurate (*People v Tucker, supra*). ¶ Since there is no provision for a cross appeal in a criminal case, this court may consider only those rulings adverse to the appellant or, in this instance, the People. (CPL 470.15, subd 1.) The defendant having no statutory right to appeal (see *People v De Jesus,* 54 NY2d 447), we do not pass upon any of the issues raised by him. Concur — Sandler, Ross, Silverman and Milonas, JJ.

Kupferman, J. P., dissents in a memorandum as follows: I would affirm for the reasons stated by the Judge at Trial Term. Moreover, I cannot agree that the alternative issues raised by the defendant cannot be considered by this court in order to sustain the determination by the Trial Judge who set aside the verdict. (Cf. *Parochial Bus Systems v Board of Educ.,* 60 NY2d 539.)