■ In the Matter of RICHARD B., Appellant. — Appeal from an order of disposition of the Family Court, Queens County (Gallet, J.), dated September 14, 1983, which, upon a fact-finding determination of the same court, made after a hearing, that appellant had committed acts which, if committed by an adult, would have constituted the crimes of reckless endangerment in the second degree and criminal possession of a weapon in the fourth degree, placed him on probation for one year. The appeal brings up for review said fact-finding determination.

Order of disposition reversed and fact-finding determination modified, on the law, by vacating the finding that appellant committed an act, which, if committed by an adult, would have

constituted the crime of criminal possession of a weapon in the fourth degree, and dismissing that charge. As so modified, fact-finding determination affirmed, without costs or disbursements.

While operating an automobile on Hillside Avenue in Queens, New York, appellant, 14 years old at the time, backed his vehicle onto a sidewalk narrowly missing a pedestrian whom he knew was present. The Family Court sustained a charge against him of reckless endangerment in the second degree (Penal Law § 120.20). That charge was properly sustained. Based upon the record, we conclude that there was sufficient proof for the court to conclude that appellant was aware of, and consciously disregarded, a substantial and unjustifiable risk of serious injury.

The charge of criminal possession of a weapon in the fourth degree, however cannot be sustained. Penal Law § 265.01 (2) provides:

"A person is guilty of criminal possession of a weapon in the fourth degree when * * *

"He possesses any dagger, dangerous knife, dirk, razor, stiletto, imitation pistol * * * or any other dangerous or deadly instrument or weapon *with intent to use the same unlawfully against another*" (emphasis added).

In order to convict a person of the crime of criminal possession of a weapon in the fourth degree based upon the use of a "dangerous instrument", which can include a motor vehicle (Penal Law § 10.00 [13]), it must be established that there was an intent to use the instrument unlawfully *against another* (Penal Law § 265.01 [2]; *cf. People ex rel. Pena v New York State Div. of Parole,* 83 AD2d 887, 888). Penal Law § 265.15 (4) lists those categories of objects from which the requisite intent may be presumed by mere possession. On the facts of this case, appellant's automobile did not fall within those categories. Although the Family Court determined that appellant did not intend to injure or frighten the complainant, it nevertheless sustained the charge of criminal possession of a weapon in the fourth degree, noting that reckless endangerment "creates the intentional use of this dangerous weapon".

The Family Court erred in determining that the commission of a reckless act, in the absence of the requisite intent against another, could serve as the basis for a finding of guilt as to the criminal possession charge. Since the court, in essence, found that there was no intent to act unlawfully against another, an essential element of the possession offense was absent, and, therefore, dismissal of said charge is required. There is no need however, to remit for further proceedings since appellant's term of probation has already expired. Weinstein, J. P., Rubin, Lawrence and Kunzeman, JJ., concur.