■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAYNE C. DURAND, Appellant.—Crew III, J. Appeals (1) from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered March 22, 1991, upon a verdict convicting defendant of the crimes of manslaughter in the second degree and criminal possession of a weapon in the third degree, and (2) from a judgment of said court, rendered March 22, 1991, which revoked defendant's probation and imposed a sentence of imprisonment.

Defendant contends that the verdict rendered against him was not supported by legally sufficient evidence and was against the weight of the evidence. The evidence, viewed in the light most favorable to the People, revealed that defendant and decedent were engaged in a hostile confrontation in a parking garage. As decedent, then unarmed, walked toward defendant, defendant removed a nine-inch boot knife from its sheath and held it in front of him. Decedent then "charged" defendant, who reached out and hit decedent in the chest with a punch or jabbing motion. Decedent died from a single stab wound in the chest. Under these circumstances, the jury was clearly justified in concluding that defendant recklessly caused decedent's death and a finding to the contrary would have been most unreasonable (see, People v Bleakley, 69 NY2d 490, 495). Additionally, we are of the view that the jury properly rejected the justification defense. Decedent was unarmed at the time of his encounter with defendant and it would have been altogether unreasonable for defendant to have believed that decedent was about to use deadly force upon him.

Next, defendant claims that the verdict rendered was repugnant. Inasmuch as defendant failed to object to the alleged inconsistency prior to the discharge of the jury, any protestation in this regard has not been preserved for appellate review (see, People v Satloff, 56 NY2d 745, 746). Even if we were to consider defendant's argument, we would find it without merit. Defendant asserts that because defendant was found not guilty of manslaughter in the first degree, requiring an intent to cause serious physical injury, that portion of the verdict convicting him of criminal possession of a weapon, because it required a finding of intent to use the weapon unlawfully, was repugnant to the aforesaid acquittal. In the first place, it should be noted that the elements of these two crimes are not identical (see, People v Leon, 163 AD2d 740, lv denied 77 NY2d 879). We believe that the jury could well have determined that defendant brandished the knife for the purpose of intimidating or frightening decedent, thereby using it

unlawfully, without determining that defendant intended to visit serious physical injury upon decedent *(cf., Matter of Richard B.,* 111 AD2d 166), and there is, therefore, a rational line of reasoning to support the verdict.

Finally, while defendant did receive the harshest sentence available (defendant was sentenced as a second felony offender to concurrent prison terms of 7½ to 15 years on the manslaughter charge and 3½ to 7 years on the criminal possession of a weapon charge), given his previous criminal history we cannot say that the sentence was unduly harsh and excessive. We have considered each of defendant's remaining contentions and find them all without merit.

Mikoll, J. P., Yesawich Jr., Mahoney and Harvey, JJ., concur. Ordered that the judgments are affirmed.