■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHAWN TAFT, Appellant. [668 NYS2d 272] —Crew III, J. Appeal from a judgment of the County Court of Schenectady County (Sise, J.), rendered August 26, 1996, upon a verdict convicting defendant of the crime of unlawful imprisonment in the first degree.

Defendant was indicted for the crimes of burglary in the first degree, unlawful imprisonment in the first degree and menacing in the second degree arising out of an incident wherein he restrained his former paramour in her home while wielding a meat cleaver. Following a jury trial, defendant was found guilty of the crime of unlawful imprisonment in the first degree and was sentenced as a second felony offender to an indeterminate term of imprisonment of 2 to 4 years. Defendant now appeals.

Defendant initially contends that his conviction is not sup-

ported by legally sufficient evidence. We cannot agree. The evidence revealed that defendant arrived at the victim's residence by taxi on October 6, 1995. The taxi driver testified that as defendant exited the cab, he muttered something to the effect that he "may kill someone" and then yelled something to the victim, who was standing on her porch. Defendant then ran from the taxi, grabbed the victim and dragged her to her upstairs apartment. A neighbor, having observed this confrontation, ran to a friend's home and summoned the police. Meanwhile, in the apartment, defendant, brandishing a meat cleaver, began questioning the victim as to why she had ended their romantic relationship. When the police arrived on the scene, defendant made the victim disrobe, took her to the bathroom, wet her hair and directed her to answer the door and tell the police that he was not there. When the victim went downstairs to answer the door, defendant was seen by a neighbor jumping off the second story porch roof. Defendant apparently injured himself in the fall because police found blood on the ground and, using a K-9 dog, trailed him to his house where eventually he was found hiding in the attic.

Clearly, from this evidence a rational jury could conclude that the elements of the crime of unlawful imprisonment had been proven beyond a reasonable doubt (*see, People v Bleakley,* 69 NY2d 490). Defendant relies heavily upon inconsistencies in the victim's testimony and upon apologetic letters sent by her to defendant in which she affirmed her undying love for him. Contrary to defendant's contention, such evidence did not render the victim's testimony incredible as a matter of law but merely created a credibility issue for jury resolution (*see, People v Curtis,* 174 AD2d 899, 900, *lv denied* 78 NY2d 1010, *cert denied* 502 US 1063). We also reject defendant's assertion that the verdict was against the weight of the evidence. A review of the record evidence reveals that a different finding than that made by the jury would have been altogether unreasonable (*see, People v Bleakley, supra,* at 495).

Defendant further contends that his acquittal on the charge of menacing in the second degree is repugnant to his conviction of unlawful imprisonment in the first degree. Inasmuch as defendant failed to raise this issue before the jury was discharged, his contention has not been preserved for our review (*see, People v Alfaro,* 66 NY2d 985, 987). Nevertheless, defendant's argument on this point is lacking in merit. While it might be argued that the two verdicts are seemingly inconsistent or perhaps irrational, that is not the test for repugnancy (*see, People v Goodfriend,* 100 AD2d 781, *affd* 64 NY2d 695). A

verdict is repugnant only where acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the defendant was found guilty (*see, People v Tucker*, 55 NY2d 1, 7). Applying that test here, we find no repugnancy. Clearly, the jury could, as it necessarily did, find that defendant exposed the victim to a risk of serious physical injury without having placed her in fear thereof. In short, placing the victim in fear of injury is not a necessary element of the crime of unlawful imprisonment in the first degree. We have considered defendant's remaining contentions and find them to be either without merit or unpreserved for our review.

Mikoll, J. P., Yesawich Jr., Spain and Carpinello, JJ., concur. Ordered that the judgment is affirmed.