*521 OPINION OF THE COURT
Susan T. Kluewer, J.
Defendant’s presentence motion (see CPL 330.30 [1]) to set aside a jury’s verdict of guilty on the count of menacing in the second degree as repugnant to its verdict of not guilty on the count of criminal possession of a weapon in the fourth degree is denied.
Defendant originally stood accused, by two informations joined under one docket, of menacing in the second degree (Penal Law § 120.14 [1]) and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]). Both charges arose out of a single incident.
According to the accusatory instruments and the facts as adduced at trial, defendant, who was involved in a dispute with his then-girlfriend, took her car. She, in turn, reported the car stolen. Defendant took the car to his home, parked it on his lawn at his side yard, and went to the rear of his'house, where he discovered that his then-girlfriend had smashed the back windows of his house and destroyed some equipment. Defendant picked up a pickaxe lying at the back of his house and headed around to the side yard and toward the front of the house. Apparently unknown to the defendant, Police Officer William J. Cardone, responding to the then-girlfriend’s report of the theft of her car, was in defendant’s front yard. According to police testimony, which the jury obviously credited, defendant entered the front yard with a glazed look on his face and with the pickaxe raised over his shoulder. Ignoring Officer Car-done’s repeated commands to drop the pickaxe, defendant marched toward him. Officer Cardone drew his gun and, using a radio attached at his shoulder, called for immediate backup as defendant continued to march toward him with the glazed look on his face and with the pickaxe still in the raised position. Finally, defendant dropped the pickaxe, whereupon police placed him under arrest.
I instructed the jury that, in order to find the defendant guilty of menacing in the second degree, it must find that the People proved beyond a reasonable doubt (1) that defendant placed or attempted to place Officer Cardone in reasonable fear of physical injury by displaying a dangerous instrument, and (2) that he did so intentionally. I further instructed the jury that, in order to find the defendant guilty of criminal possession of a weapon in the fourth degree, it must find that the People proved beyond a reasonable doubt (1) that defendant *522 possessed the pickaxe; (2) that the pickaxe was a dangerous instrument; (3) that defendant knowingly possessed the pickaxe and knew that it was or could be dangerous; and (4) that he did so with intent to use the pickaxe unlawfully against Officer Cardone. I defined certain terms for the jury, including “intentionally” (see Penal Law § 15.05 [1]) and “dangerous instrument” (Penal Law § 10.00 [13]), each of which has the same meaning as used in both counts. With respect to the possession count, I defined terms that are not part of any element of the menacing count. Those terms are “knowingly” (Penal Law § 15.05 [2]), i.e., to be aware that conduct described by a statute is of such a nature or that a circumstance described by a statute exists; “possess,” i.e., to have physical possession of or otherwise exercise dominion and control over the tangible property in question; and “unlawfully,” i.e., without legitimate goal or purpose. Moreover, I instructed the jury that it must make separate findings with respect to each count.
Neither side took exception to the jury charge (cf. People v O’Sullivan, 258 AD2d 330 [1st Dept 1999]; People v Olcan, 143 AD2d 369 [2d Dept 1988]). Upon the announcement of the verdicts, defense counsel made an at-the-bench application to set aside the guilty verdict on the menacing count as repugnant to the not guilty verdict on the possession count, an application on which I declined to then rule. After the jury was discharged, defense counsel repeated the application in open court. I denied the application with leave to renew on papers. Sentencing has been adjourned pending determination of defendant’s ensuing written motion.
A court cannot set aside a verdict as repugnant, also referred to as inconsistent (see People v Tucker, 55 NY2d 1 [1981]), merely because it considers the jury’s decision to be irrational (see People v Goodfriend, 100 AD2d 781 [1st Dept 1984], affd 64 NY2d 695 [1984]). A particular verdict will be set aside as repugnant “only when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury” (People v Tucker, supra at 4), and thus only where “acquittal on one crime as charged to the jury is conclusive as to a necessary element of the other crime, as charged, for which the guilty verdict was rendered” (id. at 7). Indeed, the People and defendant agree, at least tacitly, that whether a verdict is repugnant must be determined, not by speculating about how the jury perceived and weighed the evidence to arrive at its conclusion, but rather by measuring the result against all of the material elements of the crimes as the court charged them, *523 regardless of whether the charge was correct (People v Goodfriend, supra; People v Tucker, supra). Nevertheless, and ignoring that the crime of criminal possession of a weapon in the fourth degree has other elements peculiar to it (but see People v Durand, 188 AD2d 747 [3d Dept 1992]; People v Alfaro, 108 AD2d 517 [2d Dept 1985], affd 66 NY2d 985 [1985]), defendant points to the possession element of that crime and compares it with the element of displaying a dangerous instrument as charged in the menacing count. He urges that, by its verdict of not guilty on the possession count, the jury determined that defendant did not possess the pickaxe and that, therefore, its finding that he displayed that pickaxe, as expressed in its verdict of guilty on the menacing count, is inherently “impossible.” For their part, and notwithstanding the charged definition of “unlawfully,” the People blatantly speculate that the jury believed that “intent to use [the pickaxe] unlawfully” required an “overt act such as swinging.” Each side misses the point.
It is true that the elements of engaging in proscribed conduct with a “dangerous instrument” and doing so “intentionally” are common to both of the crimes charged here. It is equally true, as defendant contends, that he could not possibly display the pickaxe without also possessing it. And although the People improperly speculate otherwise, because the term “unlawfully” as I defined it for the jury encompasses any kind of illegitimate conduct, including displaying a dangerous instrument with intent to cause fear, it is similarly impossible for defendant to have displayed the pickaxe with intent to cause fear in Officer Cardone without also possessing it with intent to use it against him unlawfully (cf. People v Garcia, 194 AD2d 1011 [3d Dept 1993]; People v Durand, supra; People v Jamerson, 99 AD2d 816 [2d Dept 1984]). That does not, however, end the inquiry.
Unlike a guilty determination for the crime of menacing in the second degree, a guilty determination for the crime of criminal possession of a weapon in the fourth degree must be based on proof beyond a reasonable doubt that defendant’s conduct was “knowing” as well as “intentional” (see Penal Law § 265.01 [2]; see also Penal Law § 15.05 [1], [2]). Whether it is rational for a jury to conclude that a defendant acted intentionally and, based on the same proof, to simultaneously determine that there is insufficient proof to support a finding that he acted knowingly, is not of present concern (People v Goodfriend, supra). What controls is whether such determinations are inconsistent as a matter of law (see People v Rodriguez, 187 AD2d *524 465 [2d Dept 1992]; People v Olcan, supra). I conclude that they are not.
As noted above, I instructed the jury that, in order to find the defendant guilty of criminal possession of a weapon in the fourth degree, it must be satisfied beyond a reasonable doubt that defendant, among other things, knew that the pickaxe was or could be dangerous. Although unlikely, it is nonetheless possible that defendant could display and possess a dangerous instrument with the intent to cause a particular result (see Penal Law § 15.05 [1]) — here with intent to instill fear— without acting knowingly with respect to a particular circumstance (see Penal Law § 15.05 [2]) — here without knowing that the instrument displayed and possessed actually was or actually could be dangerous (cf. People v Taft, 246 AD2d 846 [3d Dept 1998]; People v Mason, 227 AD2d 289 [1st Dept 1996], affd 89 NY2d 878 [1996]; People v Olcan, supra). Because the possession count as I charged it thus has a discrete element, a verdict of not guilty on it is inconclusive as to, and does not necessarily negate, a material element of the crime of menacing in the second degree on which the jury returned a verdict of guilty (People v Goodfriend, supra; People v Tucker, supra; see also People v Durand, supra; People v Alfaro, supra).
I am aware that there are circumstances where a verdict of guilty of menacing in the second degree is, because of the instruction given to the jury, inconsistent with a verdict of not guilty of criminal possession of a weapon in the fourth degree (see People v Powell, 171 AD2d 1026 [4th Dept 1991]; People v Torres, 189 Misc 2d 776 [App Term, 2d Dept 2001]). In light of the instructions given here, however, there is no repugnancy.