■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENROY A. SCHECKELLS, Appellant. [759 NYS2d 243] —Peters, J. Appeal from a judgment of the County Court of Schenectady County (Tomlinson, J.), rendered October 9, 1998, upon a verdict convicting defendant of the crimes of manslaughter in the second degree, criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree (two counts).

Defendant and his neighbor, Courtney Wedderburn, had repeated conflicts concerning the parking situation at their apartment building. On November 4, 1997, such conflict escalated to the point where defendant retrieved his shotgun from his apartment, argued more with Wedderburn and then shot him in the chest, causing his death. Defendant was tried on a 10-count indictment and the jury convicted him of the crimes of manslaughter in the second degree, criminal possession of a weapon in the second degree and two counts of criminal possession of a weapon in the third degree. He was sentenced to a prison term of 5 to 15 years for the manslaughter conviction and, consecutive thereto, but concurrent to each other, terms of 7½ to 15 years for criminal possession of a weapon in the second degree and 2⅓ to 7 years for each count of the remaining weapon convictions.

On appeal, defendant contends that because the jury acquitted him of both the murder and attempted murder charges which require intent, the verdict convicting him of the crime of criminal possession of a weapon in the second degree, also requiring intent, creates an inconsistent verdict. As defendant failed to raise this issue prior to the discharge of the jury, it is not preserved for review (see People v Robinson, 258 AD2d 817, 818 [1999], lv denied 93 NY2d 978 [1999]). Were we to consider

it, we would find it without merit; an individual can intend to use a weapon unlawfully against another without necessarily intending to inflict physical injury (*see People v Garcia,* 194 AD2d 1011, 1012 [1993], *lv denied* 82 NY2d 895 [1993]; *People v Durand,* 188 AD2d 747, 747 [1992], *lv denied* 81 NY2d 884 [1993]).

Nor do we find merit in the arguments set forth in defendant's pro se brief. While County Court found that the victim's hospital treatment records were *Rosario* material, it properly concluded that the delay in their production did not cause defendant to suffer substantial prejudice (*see People v Ward,* 282 AD2d 819, 822 [2001], *lv denied* 96 NY2d 942 [2001]). Nor was defendant denied an impartial jury when County Court failed to remove a juror who improperly discussed the case. The court's lengthy, "probing, [and] tactful inquiry into the particular circumstances" (*People v Bradford,* 300 AD2d 685, 688 [2002]) established no misconduct. Moreover, defense counsel *objected* to the removal of the juror.

As to the imposition of consecutive sentences, we again find no error. County Court may well have found that defendant's act of possessing the firearm was to threaten the victim, an act separate and distinct from that of shooting him. For this reason, consecutive sentencing was proper (*see People v McNeil,* 273 AD2d 608, 610 [2000], *lv denied* 95 NY2d 868 [2000]).

Having reviewed and rejected, as without merit, defendant's additional ascriptions of error, we affirm.

Crew III, J.P., Spain, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed.