■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BRITTON, Appellant. [812 NYS2d 676]—

Rose, J. Appeals (1) from a judgment of the Supreme Court (Teresi, J.), rendered November 18, 2004 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the third degree, and (2) from a judgment of said court, rendered December 16, 2004 in Albany County, which resentenced defendant.

After his vehicle was hit from behind by a vehicle operated by the victim, defendant armed himself with a hammer handle, approached the victim, who had exited his vehicle, and struck the victim on the head with the handle. Defendant was indicted on charges of assault in the second degree and criminal possession of a weapon in the third degree. At his jury trial, defendant asserted that he acted in self-defense based upon his belief that the victim was about to attack him, while other witnesses testified that defendant was the aggressor. The jury acquitted defendant of assault in the second degree and instead found him guilty of criminal possession of a weapon in the third degree. After sentencing defendant, Supreme Court reduced the sentence to five years of probation. Defendant now appeals the original judgment of conviction and the judgment upon resentencing.

We are unpersuaded by defendant's contention that the jury's verdict is against the weight of the evidence. An eyewitness testified that defendant had exited his vehicle carrying the hammer handle and then used it to strike the unarmed victim, who

was leaning over to examine the damage to his own vehicle. The victim also testified that he had done nothing to provoke the attack. Although defendant testified that he struck the victim because he believed the victim was about to tackle him, it was within the jury's province to credit the testimony of the victim and the eyewitness over that of defendant on the issue of his possession of a dangerous instrument with an intent to use it unlawfully against another (*see People v Haight*, 19 AD3d 714, 716 [2005], *lv denied* 5 NY3d 806 [2005]; *People v Knapp*, 272 AD2d 637, 638-639 [2000]; *People v Garcia*, 194 AD2d 1011, 1013 [1993], *lv denied* 82 NY2d 895 [1993]). To the extent that defendant contends that the verdict was inconsistent with his acquittal of the assault charge, we find the issue to be unpreserved due to his failure to raise it before the jury was discharged (*see People v Scheckells*, 305 AD2d 723, 723 [2003], *lv denied* 100 NY2d 598 [2003]).

We also find no merit in defendant's argument that Supreme Court erred in refusing to charge the jury on the defense of temporary lawful possession (*see* CJI2d[NY] Penal Law art 265, Intent to Use Unlawfully and Justification). Such a charge is appropriate only where the evidence indicates that the act of possession is of an innocent nature and there is no use of the weapon in a dangerous manner (*see People v Banks*, 76 NY2d 799, 801 [1990]). While defendant may have originally possessed the handle in the course of his work as a carpenter, there is no evidentiary basis for finding that such innocent possession continued once he armed himself with it and left his vehicle to approach the victim (*see People v Pons*, 68 NY2d 264, 267-268 [1986]).

We further reject defendant's contention that Supreme Court should have granted his request for a missing witness charge regarding two persons who apparently witnessed the incident and placed 911 calls. Since defendant did not request the charge until after the close of the evidence, his request was untimely and, thus, properly denied (*see People v Slater*, 13 AD3d 732, 734 [2004], *lv denied* 4 NY3d 803 [2005]; *People v Williams*, 294 AD2d 133, 133 [2002], *lv denied* 98 NY2d 703 [2002]). In any event, defendant, who could have called these witnesses himself, failed to meet his burden of establishing that they would have offered material testimony that would not have been cumulative (*see People v Macana*, 84 NY2d 173, 180 [1994]; *People v Glanda*, 18 AD3d 956, 960 [2005], *lv denied* 6 NY3d 754 [2005]).

Cardona, P.J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the judgments are affirmed.