■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALONZO MOSHER, Appellant. [942 NYS2d 655]—

---

* No restitution was actually imposed.

Malone Jr., J. Appeal from a judgment of the County Court of Schenectady County (Drago, J.), entered November 10, 2009, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree (two counts).

Following an incident in which defendant fought with an individual named Victor Toomer and allegedly discharged a firearm on Grant Avenue in the City of Schenectady, Schenectady County, defendant was charged by indictment with eight counts of reckless endangerment in the first degree and two counts of criminal possession of a weapon in the second degree. A jury trial was held in Supreme Court in March and April 2009, but, after several days of deliberations, the jury indicated that it was deadlocked, and the court released the jurors without a verdict. Following a second trial in September 2009 before County Court, defendant was convicted of two counts of criminal possession of a weapon in the second degree. County Court thereafter sentenced him to a prison term of five years with three years of postrelease supervision. Defendant appeals.

Initially, defendant's challenge to the legal sufficiency of the evidence is not properly preserved for appellate review (*see* CPL 470.05 [2]; *People v Lane*, 7 NY3d 888, 889 [2006]). As for defendant's argument that the verdict is against the weight of the evidence, two disinterested witnesses testified that they observed defendant carrying a weapon on Grant Avenue after defendant fought with Toomer, one of whom also testified that she heard defendant threaten to kill Toomer. Other witnesses testified that they heard gunshots around the time that defendant and Toomer were fighting. Spent bullet casings were found by police during their investigation, and laboratory tests revealed that the shirt that defendant had been wearing contained gunshot residue on it. Although defendant presented witnesses who testified that they did not observe defendant with a gun and claimed that he instead had a cell phone in his hand, those witnesses were impeached with prior inconsistent statements and prior bad acts, which likely affected their credibility before the jury. Considering the evidence in a neutral light, and according great deference to the jury's opportunity to view the witnesses, hear the testimony and observe demeanor, we are satisfied that the verdict was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633, 644-645 [2006]).

None of the alleged errors made by County Court deprived defendant of his right to a fair trial. A model weapon was properly admitted into evidence for demonstrative purposes because the witness testimony and other evidence established that the model weapon was significantly similar to the weapon

allegedly used by defendant (see People v Brims, 19 AD3d 433, 433 [2005], lv denied 5 NY3d 804 [2005]; People v Torres, 258 AD2d 824, 825 [1999]), and County Court appropriately instructed the jury that the model weapon was admitted strictly for demonstrative purposes (see People v Pike, 131 AD2d 890, 891 [1987], lv denied 70 NY2d 716 [1987]). Although the People may have been improperly allowed to impeach defendant's credibility with evidence that he had previously lied under oath regarding whether he possessed a real estate license and whether he was aware of how much time Toomer had spent in prison, in light of the somewhat trivial nature of the prior statements and considering the totality of the evidence in the record, any error in this regard was harmless as "there was no significant probability that the jury would have acquitted had the error not occurred" (People v Grant, 7 NY3d 421, 424 [2006]). Defendant's claim of prosecutorial misconduct during summation is unpreserved for review because defendant either made only general objections or failed to make any objection at all to the vast majority of the complained about statements (see CPL 470.05 [2]; People v Tonge, 93 NY2d 838, 839-840 [1999]; People v Tevaha, 84 NY2d 879, 881 [1994]). Moreover, when defense counsel did object, County Court responded appropriately and, overall, it cannot be said that the prosecutor's conduct deprived defendant of a fair trial (see People v Ciccone, 90 AD3d 1141, 1145 [2011]).

Finally, we find that defendant waived any objection to the alleged lack of a transfer order from Supreme Court to County Court (see People v Wilson, 14 NY3d 895, 897 [2010]) and his challenges to statements made by the People during jury selection and to the length of the People's summation were not preserved for appellate review. Defendant's remaining contentions, including his claim of ineffective assistance of counsel, have been considered and found to be without merit.

Spain, J.P., Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that the judgment is affirmed.