(April 26, 2012)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PIERRE L. TOWNSEND, Appellant. [943 NYS2d 276]—

McCarthy, J. Appeal from a judgment of the County Court of Rensselaer County (Jacon, J.), rendered March 3, 2009, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree.

Following a shooting incident that resulted in the death of defendant's stepuncle (hereinafter the victim), defendant was indicted for the crimes of murder in the second degree, manslaughter in the first degree and criminal possession of a weapon in the second degree. A jury acquitted him of murder and manslaughter, but convicted him of criminal possession of a weapon. County Court sentenced defendant, as a second felony offender, to 15 years in prison followed by five years of postrelease supervision. Defendant appeals.

The verdict was not against the weight of the evidence.[1] De-

---

1. Defendant's general motion to dismiss did not preserve his challenge to the legal sufficiency of the evidence (*see People v Finger*, 95 NY2d 894, 895

fendant testified that after he had words with the victim, defendant's stepbrother handed defendant a handgun. They then went to find the victim to work out their problems. Defendant testified that the victim began charging at him and pulled out a gun, causing defendant to run. While running and hearing two shots, defendant pulled out his gun and fired in the direction of those shots without looking. Defendant's stepbrother testified that when defendant took the gun, he stated that he was going to kill the victim. The stepbrother also testified that he never saw a weapon in the victim's hands, defendant shot first and the victim ran from defendant.

The testimony established, and defendant concedes, that he possessed a loaded and operable firearm; the issue is whether he intended to use that firearm unlawfully (*see* Penal Law § 265.03 [1]). The jury apparently believed that defendant was justified in shooting the victim, resulting in an acquittal of murder and manslaughter. Nevertheless, intent to use a weapon and use of force "are not the same, and justification, by the very words of the statute (Penal Law § 35.15), is limited to the latter" (*People v Pons*, 68 NY2d 264, 267 [1986]). The weight of the evidence supports a finding that defendant approached the scene intending to use the gun unlawfully against the victim, thereby establishing his commission of criminal possession of a weapon in the second degree, but that defendant's use of force thereafter—even if only moments thereafter—became justified because he reasonably believed that such force was necessary to protect his own life (*see id.* at 267-268; *compare People v Okafore*, 72 NY2d 81, 87-88 [1988]; *People v Britton*, 27 AD3d 1014, 1015 [2006], *lv denied* 6 NY3d 892 [2006]). Thus, the verdict was not against the weight of the evidence.

County Court erred in providing the jury with a written copy of a portion of the jury charge. Pursuant to statute, the court may only provide a copy of pertinent statutes during deliberations if the jury requests further instructions and both parties consent to written materials being provided (*see* CPL 310.30; *People v Johnson*, 81 NY2d 980, 981-982 [1993]; *see also* CPL 310.20). Here, the materials[2] were provided at the beginning of deliberations, before the jury had an opportunity to ask for fur-

---

[2000]), but our weight of the evidence review necessarily includes an assessment of whether the elements of the crime are supported by the evidence (*see People v Mann*, 63 AD3d 1372, 1373 [2009], *lv denied* 13 NY3d 861 [2009]).

**2.** The record does not contain the materials provided to the jury, but discussions in the transcript make clear that the jury was only provided a portion of the charge. For example, the portions dealing with the justification defense were not provided. Providing only a portion of the charge creates a risk that the jury will give greater attention to the instructions it has in writ-

ther instructions. Additionally, the court did not ask for the parties' consent, as required (*see People v Damiano*, 87 NY2d 477, 483 [1996]; *People v Owens*, 69 NY2d 585, 590 [1987]). Counsel's silence cannot be considered consent (*see People v Damiano*, 87 NY2d at 484). A violation of the statute is a fundamental error requiring reversal regardless of whether defendant demonstrates any actual prejudice (*see People v Damiano*, 87 NY2d at 484-485; *People v Owens*, 69 NY2d at 591-592; *People v Hoffler*, 53 AD3d 116, 121-122 [2008], *lv denied* 11 NY3d 832 [2008]; *see also People v Miller*, 18 NY3d 704, 708-709 [2012]). Thus, defendant is entitled to a new trial.

In light of our reversal, we need not address defendant's remaining contentions.

Rose, J.P., Spain, Malone Jr. and Kavanagh, JJ., concur. Ordered that the judgment is reversed, on the law, and matter remitted to the County Court of Rensselaer County for further proceedings not inconsistent with this Court's decision.

ing than those it heard orally (*see People v Owens*, 69 NY2d 585, 591 [1987]; *People v Townsend*, 67 NY2d 815, 817 [1986]).