Rose, J.P.
Appeal from a judgment of the Supreme Court (Lamont, J.), rendered October 1, 2010 in Albany County, upon a verdict convicting defendant of the crime of criminal possession of a weapon in the second degree (two counts).
Defendant was indicted for the crimes of criminal possession of a weapon in the second degree (two counts), criminal mischief in the third degree and prohibited use of weapons after it was alleged that he had fired a handgun at a moving vehicle. Following a jury trial, defendant was convicted of the criminal possession of a weapon counts and sentenced, as a second felony offender, to concurrent prison terms of 12 years, to be followed by five years of postrelease supervision.
Defendant now appeals, arguing that the verdict finding him guilty on the criminal possession counts while acquitting him on the prohibited use of weapons count was repugnant in light of the People’s theory that he fired a shot and hit the vehicle. “[A] verdict as to a particular count shall be set aside only *860 when it is inherently inconsistent when viewed in light of the elements of each crime as charged to the jury” (People v Tucker, 55 NY2d 1, 4 [1981]). Here, Supreme Court charged the jury that, in order to find defendant guilty of the criminal possession charges, the People were required to prove that he knowingly possessed a loaded firearm and that he did so with an intent to use it unlawfully against another and in a place that was not his home or place of business (see Penal Law § 265.03 [1] [b]; [3]). The weapon must be operable to satisfy the definition of “loaded firearm” (Penal Law § 265.00 [15]; see People v Covines, 70 NY2d 882, 883 [1987]). Prohibited use of weapons, on the other hand, requires the willful discharge of a firearm in a public place which is not in self-defense or in discharge of an official duty (see Penal Law § 265.35 [3] [a]). Based on these elements, the jury could have concluded that defendant discharged the firearm, as required to prove that it was loaded, but that the People failed to prove that the discharge was willful. Accordingly, we conclude that the verdict was not repugnant (see People v Onyia, 70 AD3d 1202, 1203-1204 [2010]; People v Lobban, 59 AD3d 566, 567 [2009], lv denied 12 NY3d 818 [2009]).
Defendant also contends that the verdict finding him guilty of criminal possession of a weapon in the second degree is against the weight of the evidence due to his acquittal on the prohibited use of weapons count. Several witnesses testified that, following a dispute with the occupants of the vehicle, defendant fired a shot in the vehicle’s direction, striking its bumper. Defendant presented alibi witnesses who testified that he briefly participated in the dispute, but then promptly returned to his apartment and was inside when the shot was fired. While a different verdict would not have been unreasonable, upon viewing the evidence in a neutral light and deferring to the jury’s credibility determinations, we are satisfied that the verdict is not against the weight of the evidence (see People v Townsend, 94 AD3d 1330, 1331 [2012], lv denied 19 NY3d 1105 [2012]; People v Mosher, 94 AD3d 1231, 1232 [2012], lv denied 19 NY3d 999 [2012]). While we have considered defendant’s acquittal on the prohibited use of weapons count in performing our weight of the evidence review (see People v O’Neil, 66 AD3d 1131, 1134 n 2 [2009]; People v Ross, 62 AD3d 619, 619 [2009], lv denied 12 NY 3d 928 [2009]), we do not find that it warrants a different result.
Finally, there is no merit to defendant’s argument that a mistrial should have been granted when a juror reported that she had observed an individual taking photographs of the jury during the trial. Supreme Court questioned each juror who was *861 aware of the incident, and they all informed the court that they could remain impartial. The court then addressed all 12 jurors, assuring them that no images were found on the individual’s cell phone, reminding them of their oath to remain impartial and directing any juror who could not remain impartial to notify the court. Under these circumstances, we find that Supreme Court did not abuse its discretion in denying defendant’s motion for a mistrial (see People v Davis, 83 AD3d 1210, 1212 [2011], lv denied 17 NY3d 794 [2011]; People v Fogarty, 12 AD3d 854, 857 [2004], lv denied 4 NY3d 763 [2005]).
Stein, Spain and Garry, JJ., concur. Ordered that the judgment is affirmed.