People v Gant (2020 NY Slip Op 07823)





People v Gant


2020 NY Slip Op 07823


Decided on December 23, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND BANNISTER, JJ.


1228 KA 16-01154

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JOSEPH P. GANT, DEFENDANT-APPELLANT. 






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT. 
JOHN J. FLYNN, DISTRICT ATTORNEY, BUFFALO (MATTHEW B. POWERS OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered August 12, 2015. The judgment convicted defendant upon a jury verdict of murder in the second degree, attempted murder in the second degree (three counts) and criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, murder in the second degree (Penal Law § 125.25 [1]) and three counts of attempted murder in the second degree (§§ 110.00, 125.25 [1]). We affirm.
Defendant initially contends that he was convicted of three counts of what he characterizes as the "non-existent crime" of "transferred intent attempted murder." Although exempt from the preservation requirement (see People v Martinez, 81 NY2d 810, 812 [1993]), defendant's argument was expressly rejected by the Court of Appeals in People v Fernandez (88 NY2d 777, 782-783 [1996]; see also People v Wells, 7 NY3d 51, 55-57 [2006]).
Contrary to defendant's further contention, the evidence is legally sufficient to support the conviction of murder in the second degree and attempted murder in the second degree, and the verdict on those crimes is not against the weight of the evidence when viewed in light of the elements of the crimes and the justification instruction as given to the jury (see generally People v Danielson, 9 NY3d 342, 348-349 [2007]; People v Bleakley, 69 NY2d 490, 495 [1987]). Indeed, the trial evidence overwhelmingly disproved defendant's justification defense (see People v Cruz, 175 AD3d 1060, 1060-1061 [4th Dept 2019], lv denied 34 NY3d 1016 [2019]; People v Newland, 83 AD3d 1202, 1204-1205 [3d Dept 2011], lv denied 17 NY3d 798 [2011]), and an acquittal on justification grounds would have been unreasonable on this record (see People v Durand, 188 AD2d 747, 747 [3d Dept 1992], lv denied 81 NY2d 884 [1993]). We note, however, that the People's brief incorrectly asserts that reversal on weight of the evidence grounds "is warranted only where the verdict is 'plainly unjustified by the evidence' " (see People v Sanchez, 32 NY3d 1021, 1022-1023 [2018]). The proper standard for conducting weight of the evidence review is set forth in People v Delamota (18 NY3d 107, 116-117 [2011]) and Danielson (9 NY3d at 349).
Defendant waived his challenge to the jury instructions concerning mens rea by expressly consenting to the subject charge (see People v Capella, 180 AD3d 498, 499 [1st Dept 2020], lv denied 35 NY3d 968 [2020]; People v Speed, 226 AD2d 1090, 1091 [4th Dept 1996], lv denied 88 NY2d 969 [1996]). Defendant's related claim of ineffective assistance is raised for the first time in his reply brief and thus is not properly before us (see People v Jones, 300 AD2d 1119, 1120 [4th Dept 2002], lv denied 2 NY3d 801 [2004]). The sentence is not unduly harsh or severe. Defendant's remaining contention does not warrant modification or reversal of the [*2]judgment.
Entered: December 23, 2020
Mark W. Bennett
Clerk of the Court